IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.  2:07-cv-1068-TMP |
| ) | |
| KATHY LEVINE, individually and as ) | |
| the alter ego and/or owner of McAnally's ) | |
| Pub, a business incorporate and licensed ) | |
| in Alabama, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the court[1] on the motion for summary judgment filed by defendant Kathy Levine in her individual capacity.  The motion has been fully briefed and was discussed in a hearing on plaintiff's motion to amend the complaint held May 28, 2008.  At that hearing, plaintiff agreed that the claims against Kathy Levine individually were due to be dismissed on the basis of the affidavit filed by Kathy Levine in support of her motion for summary judgment.  In that affidavit, she testified that she was not involved in or aware of the alleged interception of the broadcast of the event made the basis of this action.  Plaintiff concedes that it is not able to present any evidence controverting that testimony.

---

[1] The parties have consented to magistrate judge jurisdiction in this case, pursuant to 28 U.S.C. § 636(c).

The complaint in this case arises from an incident in which the plaintiff asserts that the defendant intercepted and exhibited a pay-per-view telecast of a boxing event. The complaint asserts that the interception of the telecast occurred on the premises of McAnally's Pub in Hoover, Alabama, which is no longer operating as a bar. The pub was owned and operated by a corporation named McAnally's Pub, Inc., in which Kathy Levine is or was a shareholder.

The affidavit filed by Kathy Levine asserts that she had no knowledge of the intercepted program and did not participate in any way in the alleged interception. The plaintiff has accepted as fact Levine's assertion that she was not involved, and has agreed to go forward on the basis of its claims solely against the corporate entity of McAnally's. Therefore, because the now undisputed facts show that Levine individually was not involved in the alleged interception, there is no basis for holding her liable under the complaint, and she is entitled to summary judgment on the claims against her. By separate order, the court will grant Levine's motion for summary judgment.

The case will proceed against the remaining corporate defendant.

DONE this 4th day of June, 2008.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE